27 C.C.P.A.(Patents)

### In re WORTHING et al.
### Patent Appeals No. 4315.

Court of Customs and Patent Appeals.
June 24, 1940.

Clarence P. Byrnes, of Pittsburgh, Pa., for appellants.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claim 13 in appellants' application for a patent for an alleged invention relating to a method of removing paint by means of radiant energy as set forth in the appealed claim.

The claim reads: "13. In the method of removing paint, the steps consisting of generating a laterally elongated beam of infra red radiation adjacent and substantially parallel to the internal line focus of an elongated reflector, externally focusing the infra red radiation upon a paint covered surface, and causing relative movement between the paint and the focused infra red radiation while maintaining the paint coating substantially in focus."

The references are: Soukup (Austrian), 73,834, Sept. 25, 1917; Potensa, 1,881,241, Oct. 4, 1932.

The patent to Potensa relates to an electric paint softener. The patentee discloses a radiant heater, which, he states, "is so designed and constructed that it will project and penetrate infra red rays into the coat of hardened paint to bring about the softening and separation specified." The patentee discloses a heating means which may be brought into comparatively close contact with a painted surface, and which is described in the patent as a "rectangular block * * * having connected grooves or channels * * * in its outer face which accommodate a zigzag coiled, electric heating element * * * embedded in an aluminum oxide fire clay, carborundum, or other appropriate cement * * *, the outer portion of which covers the entire corresponding face of the" rectangular block.

Relative to that patent, the Primary Examiner said: "Potensa discloses a radiant heater designed for paint-softening. The heat would be distributed substantially evenly in an elongated pattern over an area of approximately 9 square inches (assuming the handle to be of conventional size, i. e., about 4 inches long)."

The patent to Soukup relates to a process and apparatus for exterminating vermin, and discloses an ordinary electric heater and a parabolic reflector.

Relative to that patent, the Primary Examiner said: "Soukup is cited merely to show that it is old in hand tools to concentrate and direct radiant energy by the use of a reflector. Soukup's device is not intended for use as a paint softener, but obviously could be used for such purpose, if desired."

In its decision, the Board of Appeals said: "The claim does not call for any particular type of reflector since it is a process or step claim and while it speaks of generating the beam of radiation parallel to the internal line focus of a reflector, *it appears that the heat generated in the Potensa device would be along a line broader than that of applicants due to the failure to provide a reflector which would have the effect of a focusing mechanism.* While the patent to Soukup *does not provide a focusing reflector of heat rays,* it does show it to be old in the art to provide a type of reflector which would obviously limit the reflected beam of heat to a particular area on a surface toward which it was directed and it is our view that it would not amount to a patentable

process to provide the Potensa mechanism with a reflector adapted to direct the heat rays onto a more concentrated area than that provided in the Potensa patent." (Italics not quoted.)

It will be observed that, as the board stated and as is clearly a fact, neither of the references of record discloses "a focusing reflector for heat rays." The board was of opinion, however, that as it was old in the art to provide a type of reflector, such as the ordinary type disclosed in the patent to Soukup which does not focus the radiant energy, it would not involve invention to provide a reflector for the Potensa device which would focus or concentrate the radiant energy in the manner set forth in the appealed claim.

The difficulty we have with the views expressed and the conclusion reached by the Board of Appeals is that there is no disclosure nor suggestion in either of the references of record of "generating a laterally elongated beam of infra red radiation adjacent and substantially parallel to the internal line focus of an elongated reflector, [and] externally focusing the infra red radiation upon a paint covered surface", as called for by the appealed claim.

That the method defined in the appealed claim is not only novel but useful, is not questioned by the tribunals of the Patent Office. We are of opinion, therefore, that the appealed claim is patentable over the references of record.

The decision of the Board of Appeals is reversed.

Reversed.